1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DAVID ESTRADA,                                    1:10-cv-01543 MJS (HC)

                Petitioner,              ORDER DISMISSING PETITION FOR
                                  WRIT OF HABEAS CORPUS FOR FAILING
   v.                                          TO STATE COGNIZABLE CLAIM

                                 (Doc. 1)

WARDEN,

                Respondent.
_____/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under the authority of  28 U.S.C. § 2254.  Petitioner has consented to the jurisdiction of the United States Magistrate Judge pursuant to  28 U.S.C. § 636(c)(1) and Local Rule 305(b).

Petitioner filed the instant petition for writ of habeas corpus on August 19, 2010. (Pet., ECF No. 1.)  Petitioner's action is based on allegations that a December 9, 2004 institutional classification committee decision infringed on his rights by affixing an "R" suffix to his custody designation thereby creating safety issues for him, and he seeks reinstatement in double cell housing. (Id. at 3.)

I.     **DISCUSSION**

    A.     **Procedural Grounds for Summary Dismissal**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

        If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

1    The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a
2  petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the
3  respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition
4  for habeas corpus should not be dismissed without leave to amend unless it appears that
5  no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440
6  F.2d 13, 14 (9th Cir. 1971).

7    **B.    Failure to State Cognizable Claim**

8    The instant petition must be dismissed because it does not challenge the fact or
9  duration of Petitioner's confinement.

10   A federal court may only grant a petition for writ of habeas corpus if the petitioner
11 can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. § 2254(a).
12 A habeas corpus petition is the correct method for a prisoner to challenge the "legality or
13 duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
14 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of
15 the Rules Governing Section 2254 Cases.

16   In contrast, a civil rights action under 42 U.S.C. § 1983 is the proper method for a
17 prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S.
18 136, 141-42 (1991);  Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory
19 Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.  "Habeas
20 jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison
21 condition will not necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334
22 F.3d 850, 859 (9th Cir. 2003).

23   Petitioner challenges the "R" custody designation as improper under California law.
24 He  does not challenge his conviction or sentence, nor does he allege that the "R" custody
25 designation has affected the length of his sentence. Because Petitioner is challenging the
26 conditions of his confinement, a civil rights complaint pursuant to 42 U.S.C. § 1983 is his
27 "proper remedy." Preiser, 411 U.S. at 499. The Court expresses no opinion as to the merits
28 of such a civil rights complaint.

1    As it does not appear possible that the deficiencies identified herein can be cured

2    by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal

3    of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en

4    banc).

5    **C.    Certificate of Appealability**

6    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to

7    appeal a district court's denial of his petition, and an appeal is only allowed in certain

8    circumstances.  Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute

9    in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which

10   provides as follows:

11            (a) In a habeas corpus proceeding or a proceeding under section
     2255 before a  district judge, the final order shall be subject to review, on
12   appeal, by the court  of appeals for the circuit in which the proceeding is
     held.
13
              (b) There shall be no right of appeal from a final order in a
14   proceeding to test the validity of a warrant to remove to another district or
     place for commitment or trial a person charged with a criminal offense
15   against the United States, or to test the validity of such person's detention
     pending removal proceedings.
16
              (c)    (1) Unless a circuit justice or judge issues a certificate of
17   appealability, an appeal may not be taken to the court of
     appeals from–
18
                   (A) the final order in a habeas corpus proceeding in
19   which the detention complained of arises out of process
     issued by a State court; or
20
                   (B) the final order in a proceeding under section 2255.
21
              (2) A certificate of appealability may issue under paragraph
22   (1) only if the applicant has made a substantial showing of the
     denial of a constitutional right.
23
              (3) The certificate of appealability under paragraph (1) shall
24   indicate which specific issue or issues satisfy the showing
     required by paragraph (2).
25

26   If a court denies a petitioner's petition, the court may only issue a certificate of

27   appealability "if jurists of reason could disagree with the district court's resolution of his

28   constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief, nor would they find him deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED without prejudice to Petitioner's right to file a civil rights action pursuant to 42 U.S.C. § 1983;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:    November 17, 2010            /s/  *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE